IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DELAWAWARE COALITION FOR OPEN GOVERNMENT, INC., | ) ) ) | |
| Plaintiff(s), | ) ) | |
| v. | ) ) | C.A. No. |
| THE HON. LEO E. STRINE, JR., THE HON. JOHN W. NOBLE, THE HON. DONALD F. PARSONS, JR., THE HON. J. TRAVIS LASTER, THE HON. SAM GLASSCOCK, III, THE DELAWARE COURT OF CHANCERY, and the STATE OF DELAWARE. | ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## COMPLAINT

## PARTIES

1. Delaware Coalition for Open Government, Inc. ("DelCOG") is a non-profit corporation duly organized and existing under the laws of the State of Delaware. DelCOG is dedicated to promoting and defending the people's right to transparency and accountability in government.

2. The Hon. Leo E. Strine, Jr. is the Chancellor of the Court of Chancery of the State of Delaware, whose duties including administering the statute challenged in this action.

3. The Hon. John W. Noble is a Vice Chancellor of the Court of Chancery of the State of Delaware, whose duties including administering the statute challenged in this action.

4. The Hon. Donald F. Parsons, Jr. is a Vice Chancellor of the Court of Chancery of the State of Delaware, whose duties including administering the statute challenged in this action.

5. The Hon. J. Travis Laster is a Vice Chancellor of the Court of Chancery of the State of Delaware, whose duties including administering the statute challenged in this action.

6. The Hon. Sam Glasscock, III, is a Vice Chancellor of the Court of Chancery of the State of Delaware, whose duties including administering the statute challenged in this action.

7. The Delaware Court of Chancery is a judicial institution of the State of Delaware existing pursuant to Article IV of the Constitution of the State of Delaware and Chapter 3 of Title 10 of the Delaware Code.

8. The State of Delaware is a State of the United States of America.

## JURISDICTION AND VENUE

9. This action arises under the First and Fourteenth Amendments to the United States Constitution, and under the Civil Rights Act of 1871, 42 U.S.C. sections 1983 and 1988.

10. This Court has jurisdiction of this cause under 28 U.S.C. sections 1331 and 1343.

11. As all parties hereto reside or exist in Delaware, venue is appropriate in this Court pursuant to 29 U.S.C. §1391(b) and (e).

## BACKGROUND FACTS

12. In or around April, 2009, the State of Delaware adopted 10 *Del. C.* §349, which states that:

> (a) The Court of Chancery shall have the power to arbitrate business disputes when the parties request a member of the Court of Chancery, or such other person as may be authorized under rules of the Court, to arbitrate a dispute. For a dispute to be eligible for arbitration under this section, the eligibility criteria set forth in § 347(a) and (b) of this title must be satisfied, except that the parties must have consented to arbitration rather than mediation.
>
> (b) Arbitration proceedings shall be considered confidential and not of public record until such time, if any, as the proceedings are the subject of an appeal. In the case of an appeal, the record shall be filed by the parties with the Supreme Court in accordance with

    its rules, and to the extent applicable, the rules of the Court of Chancery.

    (c) Any application to vacate, stay, or enforce an order of the Court of Chancery issued in an arbitration proceeding under this section shall be filed with the Supreme Court of this State, which shall exercise its authority in conformity with the Federal Arbitration Act, and such general principles of law and equity as are not inconsistent with that Act.

13. In furtherance of 10 *Del. C.* §349, the defendants adopted Chancery Court Rules 96, 97 and 98 on or about January 5, 2010. Pursuant to Rule 96(d)(1), arbitration is defined as "the voluntary submission of a dispute to an Arbitrator for final and binding determination…." Pursuant to Rule 96(d)(2), an "Arbitrator" is defined as "a judge or master sitting permanently in the Court." Pursuant to Rule 96(d), an "Arbitration hearing" is "a proceeding, which may take place over a number of days, pursuant to which the petitioner presents evidence to support its claim and the respondent presents evidence to support its defense, and witnesses for each party shall submit to questions from the Arbitrator and the adverse party, subject to the discretion of the Arbitrator to vary this procedure so long as the parties are treated equally and each party has the right to be heard and is given a fair opportunity to present its case."

14. Pursuant to Chancery Court Rule 97(a)(4), "[t]he Register in Chancery will not include the petition [initiating the Arbitration] as part of the public docketing system. The petition and any supporting documents are considered confidential and not public record until such time, if any, as the proceedings are the subject of an appeal."

15. Pursuant to Chancery Court Rule 98(b), "Arbitration hearings are private proceedings such that only parties and their representatives may attend, unless all parties agree otherwise…Any communication made in or in connection with the Arbitration that relates to any

controversy being arbitrated, whether made to the Arbitrator or a party, or to any person if made at an arbitration hearing, is confidential.

16. In late September, 2011, Advanced Analogic Technologies, Inc. disclosed publicly that it had initiated proceedings under the above-referenced statute and rules against Skyworks Solutions, Inc. Such action amounts to a secret judicial proceeding.

## COUNT I
(Violation of 42 U.S.C. §1983)

17. The allegations of numbered paragraphs 1-16 are incorporated herein as if fully restated herein.

18. Pursuant to the First Amendment to the Constitution of the United States (ratified by Delaware on December 7, 1787), the public has a presumptive right of access to judicial proceedings and records, civil and criminal. This right of access is considered to be a right of contemporaneous access, meaning that the public has the right to attend judicial proceedings (as opposed to merely reviewing a transcript at a later time) and to review documents as they are filed with the Court or introduced into evidence.

19. 10 *Del. C*. §349 and Chancery Court Rules 96, 97 and 98 deny plaintiffs, and the general public, their right of access to judicial proceedings and records. Although the statute and rules call the procedure "arbitration," it is really litigation under another name. Although procedure may vary slightly, the parties still examine witnesses before and present evidence to the Arbitrator (a sitting judge), who makes findings of fact, interprets the applicable law and applies the law to the facts, and then awards relief which may be enforced as any other court judgment. The only difference is that now these procedures and rulings occur behind closed doors instead of in open court.

20. The defendants' actions, under color of State law, constitute an unlawful deprivation of the public's right of access to trials in violation of the First Amendment as applied to the states by the Fourteenth Amendment to the United States Constitution.

WHEREFORE, for the foregoing reasons, plaintiffs respectfully request that the Court enter judgment in their favor and against defendants:

a. Declaring that 10 *Del. C.* §349 and Chancery Court Rules 96, 97 and 98 are unconstitutional, in violation of plaintiff's and the public's rights under the First Amendment;

b. Permanently enjoining defendants from conducting any non-public proceedings under 10 *Del. C.* §349 and Chancery Court Rules 96, 97 and 98;

c. Ordering the Court of Chancery to unseal all sealed documents filed pursuant to 10 *Del. C.* §349 and Chancery Court Rules 96, 97 and 98;

d. Awarding plaintiffs' their costs, including reasonable attorneys' fees pursuant to 42 U.S.C. §1988; and

e. Granting such other and further relief as the Court deems fair and just.

/s/ David L. Finger
David L. Finger (DE Bar ID #2556)
Finger & Slanina, LLC
One Commerce Center
1201 North Orange Street, 7th floor
Wilmington, Delaware 19801-1186
(302) 573-2525
Attorney for plaintiff Delaware Coalition for Open Government, Inc.

Dated: October 25, 2011